UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 12-cv-84-JBC-CJS

LARRY M. ROTHFUSS                                              PETITIONER

v.                  **REPORT AND RECOMMENDATION**

COOKIE CREWS                                                RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On March 19, 2012, Petitioner Larry M. Rothfuss, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Petitioner subsequently filed a Motion for Summary Judgment on March 26, 2012. (R. 4). On May 30, 2012, Respondent filed a Motion to Dismiss the Petition on statute of limitations grounds. (R. 12).[1] Petitioner filed a Response to the Motion to Dismiss. (R. 16). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a Report and Recommendation.[2] 28 U.S.C. § 636(b). For the

---

[1] Respondent has not answered the Petition on the merits, having been granted an extension of this obligation pending adjudication of her Motion to Dismiss. (*See* R. 14). Petitioner has also sought an opportunity to respond to Respondent's Answer addressing the Petition on the merits, if one was filed. (*See* R. 15). Since no such Answer on the merits will be filed, Petitioner will have no need for an opportunity to respond.

[2] Petitioner also recently filed a Motion for the Appointment of Counsel to assist him in this matter. (*See* R. 19). Counsel may be appointed in § 2254 proceedings "[w]henever the United States magistrate judge or the court determines that the interests of justice so require[.]" *See* 18 U.S.C. § 3006A(2)(B). No constitutional right to counsel exists in a habeas proceeding, as indicated by the permissive language of the statute. *See Post v. Bradshaw,* 422 F.3d 419, 423 n.1 (6th Cir. 2005). Petitioner has already filed a *pro se* Petition in this Court, as well as other filings, none of which present any unusual complexities, problems, or conflicts requiring appointment of counsel. Because Petitioner has failed to demonstrate that justice requires appointment of counsel, this recently-filed motion will be denied.

reasons set forth below, it is **recommended** that Respondent's Motion to Dismiss be **granted**, and that Petitioner's § 2254 Petition and Motion for Summary Judgment be **denied**, without requiring Respondent to further respond to Petitioner's claims.

I. **BACKGROUND**

A Kenton County, Kentucky, Circuit Court grand jury indicted Petitioner with two counts of sodomy in the first degree.[3] (R. 12-2, at 1). By a criminal information and waiver of grand jury indictment, Petitioner was also charged with one count of sexual abuse in the first degree. (*Id.*). Following plea negotiations, the Commonwealth amended the indicted charges from two counts of sodomy in the first degree to two counts of sodomy in the second degree. (R. 12-2, at 10). Petitioner pled guilty to two counts of sodomy in the second degree and one count of sexual abuse in the first degree. (*Id.*). Petitioner was convicted of the aforementioned crimes, and a final judgment was entered on November 14, 2001, which sentenced Petitioner to ten years of imprisonment on each of the sodomy charges and five years of imprisonment on the sexual abuse charge. (*Id.*). The sentences on these offenses were imposed consecutively, for a total of twenty-five years of imprisonment. (*Id.*).

Petitioner did not file a direct appeal of his conviction or sentence. Instead, nearly eight years after he was convicted, on November 13, 2009, Petitioner filed a Kentucky Civil Rule 60.02 motion to modify his sentence on state statutory grounds, which the Kenton Circuit Court overruled on December 14, 2009. (R. 12-2, at 4-8). On August 27, 2010, the Kentucky Court of Appeals affirmed the decision of the Kenton Circuit Court. (*Id.* at 9-14). On October 19, 2011, the Supreme Court of Kentucky denied discretionary review of the Court of Appeals' decision. (*Id.* at 15).

---

[3]It is not clear from the filings in this case what precise date in 2000 Petitioner was indicted.

2

On March 19, 2012, Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). In total, Petitioner raises three grounds of error. However, a review of these separate grounds reveals that each ground is a variation of Petitioner's main claim: that his twenty-five year sentence should be "reversed or amended" due to the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010).

II.    **ANALYSIS**

    A.    **Applicable Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]

---

[4] Given Petitioner's argument that the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), changed the legal enforceability of the state-imposed twenty-five year sentence, the language of § 2244(d)(1)(C) might understandably have some appeal here as to when

As indicated above, Petitioner was convicted on November 14, 2001, following his guilty plea. Petitioner did not file a direct appeal of his conviction or sentence, and therefore his judgment became final when the time to appeal to the Kentucky Supreme Court expired. *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 654 (Jan. 10, 2012) ("[B]ecause Gonzales did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). While a guilty plea generally bars a direct appeal under Kentucky law, "a defendant may by direct appeal challenge the legality of a sentence imposed pursuant to a guilty plea because sentencing issues are considered 'jurisdictional' and cannot be waived." *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky. Ct. App. 2007). Therefore, since Petitioner's current challenge disputes the legality of his sentence, giving Petitioner every benefit of the doubt, the Court assumes for the purposes of his present Petition that Petitioner would have been able to file a direct appeal. Petitioner's judgment became final on December 14, 2001, or thirty days after the trial court's November 14, 2001, judgment, because a party has thirty days to appeal a judgment under Kentucky Rule of Criminal Procedure 12.04(3). Consequently, Petitioner's one-year period under the AEDPA to file his Petition expired on December 14, 2002. Therefore, Petitioner's current habeas corpus petition, filed over nine years late, is barred by the statute of limitations.

B.      **Equitable Tolling**

---

the statute of limitation begins to run. However, that argument would be misplaced since § 2244(d)(1)(C) requires the United States Supreme Court recognize a new constitutional right that is made retroactively applicable to cases on collateral review, not a new right recognized by a state supreme court, such as arguably occurred by the Kentucky Supreme Court's opinion here. In addition, and as subsequently explained, the Kentucky Supreme Court did not make its holding retroactively applicable on collateral review.

4

The Supreme Court has held that the statute of limitations in § 2254 cases is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Equitable tolling permits a court to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling,* 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Courts grant equitable tolling "sparingly." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). The petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011).

Here, Petitioner briefly argues that the Court should still entertain his § 2254 Petition because he and his inmate legal aide were unaware of the AEDPA's existence and applicability. (R. 16, 17). Petitioner's inmate legal aide, Buster Chandler, also claims that the books at the jail are outdated, and he cites a 2004 publication date on the Georgetown Law Journal he consulted in assisting Petitioner in the filing of his present Petition. (R. 17, at 4). Further, Petitioner claims that he has no legal training and that he "did not find out that his sentence was illegal until about November of 2009."[5] (R. 16, at 2-3).

First, Petitioner's assertion that neither he nor his legal aide knew about the AEDPA's statute of limitations and had no way of knowing about the AEDPA's one-year time limit is disingenuous;

---

[5] It is not entirely clear when in 2009 Petitioner became aware of his "illegal sentence." In his Motion for Summary Judgment, Petitioner claims that he did not learn about his allegedly illegal sentence until September 1, 2009. (R. 4, at 23).

5

the AEDPA one-year limitations period as contained in 28 U.S.C. § 2244(d) is printed in its entirety on the form petition Petitioner completed and submitted to this Court. (*See* R. 1, at 14). In addition, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Further, the argument that the Court should consider Petitioner's Petition despite its untimeliness because both Petitioner and his inmate legal aide are not legally trained is also without merit. The Sixth Circuit has specifically held that neither a petitioner's *pro se* status nor his lack of knowledge of the law is sufficient to constitute extraordinary circumstances required for equitable tolling. *Keeling*, 673 F.3d at 464.

Petitioner's reference to the 2004 Georgetown Law Journal as being outdated also does not warrant equitable tolling.[6] "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). *See also Hammond v. Hagan*, No. 4:07-1081-JFA-TER, 2008 WL 2922860, at *4 (D.S.C. July 24, 2008) ("[T]he alleged inadequacy of the law library does not toll the statute of limitations," such that the petitioner's use of a "grossly outdated" 1990 supplement of 28 U.S.C. § 2254 did not justify equitable tolling). Finally, to the extent that Petitioner indicates that he was not aware of his illegal sentence until 2009, the Court finds that this demonstrates Petitioner's lack of diligence in pursuing his legal rights by failing to file a direct appeal of his sentence, failing to pursue any state post-conviction remedies until approximately seven years after he pled guilty, and failing to bring this federal habeas until more

---

[6]Although the Court does not have knowledge of the contents of the book Mr. Chandler refers to, it appears unlikely that a 2004 book designed to assist inmates in filing § 2254 petitions would not include a reference to the AEDPA, a 1996 statute that applies to all § 2254 petitions.

than nine years after he pled guilty. In light of the above, Petitioner has not demonstrated that he is entitled to equitable tolling.

### C.     Merits of the Petition

Further, even if the Court were to look beyond the untimeliness of the Petition and address the merits of Petitioner's claims, his Petition would still be dismissed. Review of the Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). The AEDPA sets forth the substantive standards for granting habeas relief by providing:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams*, 529 U.S. at 405-06). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a

federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Here, Petitioner requests that his twenty-five year sentence be reduced to twenty years following the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), which held that any sentence imposed above that allowed by K.R.S. § 532.110(1)(c) is void and unenforceable regardless of whether the defendant consented to the sentence in a plea agreement. At the time Petitioner pled guilty to his underlying criminal offenses and received a sentence higher than the statutory maximum aggregate sentence when the three sentences were imposed consecutively, such plea agreements were legal in Kentucky. *See Myers v. Commonwealth*, 42 S.W.3d 594 (Ky. 2001).[7] Moreover, as the Kentucky Court of Appeals held in Petitioner's case, the new procedural rule in *McClanahan* does not apply retroactively to adjust Petitioner's sentence. *See Rothfuss v. Commonwealth*, No. 2010-CA-000117-MR, 2010 WL 3361769, at *2 (Aug. 27,

---

[7]Although the Court has not been provided a copy of Petitioner's plea agreement, and the extent of the benefit of the plea agreement is not apparent to the Court, it does appear that Petitioner received some benefit from the agreement with respect to parole eligibility, as well as having a reduction in his charges from Class A felonies to Class C felonies. *See Rothfuss v. Commonwealth*, No. 2010-CA-000117-MR, 2010 WL 3361769, at *2 (Aug. 27, 2010) ("Rothfuss has enjoyed a reduction in his charges from Class A felonies carrying the potential for a seventy-year term of imprisonment to Class C felonies carrying an actual sentence of only twenty-five years. In addition, Rothfuss is parole-eligible after serving 20% of his sentence rather than the eighty-five percent he would have been required to serve had he been convicted of the higher offenses.").

2010); *see also Leonard v. Commonwealth*, 279 S.W.3d 151, 160-61 (Ky. 2009) (Kentucky Supreme Court acknowledging that its decisions are generally not applied retroactively). Therefore, Petitioner has shown no error of the Kenton Circuit Court in either imposing the sentence or denying his CR 60.02 motion, of the Kentucky Court of Appeals in upholding the denial of Petitioner's CR 60.02 motion, or of the Kentucky Supreme Court in denying discretionary review of the denial of Petitioner's CR 60.02 motion.

Even assuming, *arguendo*, that the state courts were somehow deficient under state law for failing to adjust Petitioner's sentence, Petitioner has not shown any violation of clearly established federal law to warrant federal habeas relief. When challenging a state law adjudication in federal habeas, the petitioner must prove that the adjudication of the claim was (1) contrary to, or an unreasonable application of, clearly established federal law; or, (2) that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). The United States Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (citing *Wright v. Van Patten*, 552 U.S. 120, 123 (2008) (per curiam)); *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007); and *Carey v. Musladin*, 549 U.S. 70, 76-77 (2006)).

While Petitioner briefly argues that his state court sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, this argument is without merit. Petitioner cites one United States Supreme Court case, *Estelle v. Gamble*, 429 U.S. 97 (1976) as allegedly holding that, "[d]etention beyond the termination of the sentence constitutes cruel and un-usual punishment when it results from 'deliberate

9

indifference' to the prisoners [sic] interest in liberty." (R. 1-1, at 11). However, a review of that case reveals no such quotation. A review of the cases Petitioner cites in his filings does not reveal any "specific legal rule" of the United States Supreme Court that could have been violated by Petitioner's sentence. Further, this Court's research has not yielded any United States Supreme Court decision that would call into question the constitutional validity of Petitioner's sentence. Therefore, in light of the above, Petitioner's sentence is not contrary to, nor an unreasonable application of, federal law.

Although not characterized nor presented as a separate ground of relief, Petitioner at times criticizes counsel for allegedly not fully explaining the plea agreement and for not explaining to Petitioner that he could appeal his sentence or file a collateral attack on his sentence. (R. 4, at 4). Petitioner also claims in passing that perhaps his plea was not voluntary and intelligent when he states, "[p]etitioner's mental condictions [sic] would not allow him to take a voluntary and intelligant [sic] decision his own [sic]." (R. 4, at 10). Here, Petitioner has offered no evidence to support these claims, and his conclusory allegations do not merit federal habeas relief. *See Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003) ("Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.").

Therefore, in addition to Petitioner's Petition being barred by the applicable statute of limitations, the claims presented in his time-barred Petition are without merit. Accordingly, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be denied.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a

defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is further recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

**IV. CONCLUSION AND RECOMMENDATION**

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Petitioner's Petition for Writ of Habeas Corpus (R. 1) be **denied;**

(2) Petitioner's Motion for Summary Judgment (R. 4) be **denied;**

(3) Petitioner's Motion for the Appointment of Counsel (R. 19) be **denied;**

(4) Respondent's Motion to Dismiss (R. 12) be **granted;**

(5) Petitioner's Motion for Extension of Time (R. 15) be **denied as moot;**

(6) this case be **dismissed with prejudice** and **stricken** from the Court's docket without the necessity of requiring Respondent to file any further written response; and,

(7) a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 8th day of October, 2012.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2254 General\12-84 Rothfuss R&R.wpd